UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-80874-CIV-HURLEY/LYNCH

JOHN KRIZKA,

        Plaintiff,

vs.

SEQUOIA VOTING SYSTEMS, INC. and
SMURFIT PACKAGING CORPORATION
        Defendants.

_____/



FILED by _____ D.C.

NOV - 4 2004

CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## DEFENDANTS' MOTION TO QUASH SUBPOENA DUCES TECUM OF
## NON-PARTY THERESA LEPORE, SUPERVISOR OF ELECTIONS

    Defendants, Sequoia Voting Systems, Inc. and Jefferson Smurfit Corporation,

improperly named in the complaint as Smurfit Packaging Corporation, request that the

Court enter a protective order quashing the subpoena duces tecum served upon Theresa

LePore, Supervisor of Elections, Palm Beach County, Florida and state:

### THE SUBPOENA

    1.    On October 8, 2004, Plaintiff's counsel issued a subpoena to Theresa

LePore, the Supervisor of Elections for Palm Beach County, Florida.  The subpoena

directed Ms. LePore to appear for deposition on October 21, 2004.  A county attorney

served a motion for protective order on October 22, 2004 on Ms. LePore's behalf.  A copy

of Ms. LePore's motion is attached hereto as **Exhibit 1** and contains copies of the

subpoena and the documents already produced to Plaintiff by Theresa LePore.  The

deposition has yet to occur.

    2.    The subpoena directs Ms. LePore to produce unused ballots from the "1996

NON-COMPLIANCE OF S.D. fla. L.R. 514.1

and 1998 general elections", the "March 14, 2000 presidential primary", the "September 5, 2000 primary elections", and the "November 7, 2000" general election". See Exhibit A to the subpoena.  Defendants do not understand how such documents could have any relevance to this case nor how those documents might lead to relevant evidence.  This case centers around allegations of unpaid commissions, not hanging chads or uncast ballots.

## THE SUBPOENA DOES NOT SEEK ANY INFORMATION
## THAT HAS ANY BEARING ON ANY ISSUE IN THIS CASE

3.      Plaintiff seeks by his complaint a commission of 5% in lieu of the 1% commission paid to him by Sequoia Voting Systems, Inc. over the course of the year 2002 on sales of direct record voting equipment and absentee ballot equipment.

4.      The complaint alleges one count for breach of a 1992 employment agreement with a predecessor company that, by its terms, does not apply to the sales at issue.  The second count alleges alter ego liability on the part of Smurfit Packaging Corporation, a former parent company of Sequoia Voting Systems, Inc.  These are the only two counts alleged in the complaint.

5.      Plaintiff seeks through its subpoena to Theresa LePore the production of thousands of unused paper ballots from 637 precincts used in connection with elections held in the years 1996, 1998, and 2000.

6.      These ballots have no connection whatsoever to plaintiff's claim for more

commission than he was paid on sales of voting equipment which were placed in 2001 and fulfilled in 2002.

7.    Upon information and belief, plaintiff's counsel issued the subpoena to Theresa LePore purely for purposes of harassing one of Sequoia Voting Systems, Inc.'s customers at a time that is most inconvenient for that customer.

8.    Plaintiff's counsel can offer no explanation as to how these ballots are in any way relevant to plaintiff's claim for more commission.

### THE SUBPOENA HAS NO PURPOSE OTHER THAN TO HARASS

9.    At the commencement of this action, the parties discussed and specifically agreed that all discovery would be complete by July 19, 2004 for the expressed purpose of avoiding any inconvenience to witnesses and/or parties associated with their anticipated involvement in the November 2004 election.  This agreement was memorialized in writing and signed by plaintiff's counsel.  See **Exhibit 2**.

10.    Despite this written understanding, plaintiff's counsel waited to subpoena Ms. LePore to appear for deposition just ten days before the election and then asked for thousands of documents to be produced by her that have no bearing whatsoever on the plaintiff's commission claim.  The timing of the subpoena and the apparently pointless request for documents seems to be designed only to harass the non-party witness.

**WHEREFORE**, Defendants Sequoia Voting Systems, Inc. and Jefferson Smurfit Corporation respectfully request that this Court grant this motion and the motion of Theresa

LePore and enter an order quashing the subpoena.

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that I spoke by telephone on November 2, 2004 with George

Gaskell, an attorney with the Plaintiff's law firm, who informed me that Plaintiff's counsel

will not agree to the relief requested herein.

Date: _Nevember 3, 2004_

_____
Bryan J. Yarnell, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served upon Robert D. Critton Jr., Esq.,

BURMAN CRITTON LUTTIER, ATTORNEYS FOR PLAINTIFF, via U. S. Mail at 515 N

Flagler Dr., Ste 400, West Palm Beach, FL 33401-4349 and via facsimile to

(561) 515-3148 this __4TH__ day of November, 2004.

| | |
|---|---|
| Vanessa R. Elliott, Esq. | Watterson Eavenson & Zappolo, LLC |
| (admitted *Pro Hac Vice*) | Attorneys for Defendants |
| Beattie Padovano, LLC | 4100 RCA Boulevard |
| Attorneys for Defendants | Palm Beach Gardens, FL 33410-4247 |
| 50 Chestnut Ridge Road | Tel: (561) 627-5000 |
| Montvale, NJ 07645-0244 | Fax: (561) 627-5600 |
| Tel: 201-799-2120 | |
| Fax: 201-573-9736 | By: _____ |
| | Terence J. Watterson, Esq. |
| | Fla. Bar No. 203165 |
| | Bryan J. Yarnell, Esq. |
| | Fla. Bar No. 88900 |

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 03-80874 CIV HURLEY/LYNCH

JOHN KRIZKA
     Plaintiffs,

v.

SEQUOIA VOTING SYSTEMS,INC. and
SMURFIT PACKAGING CORP.
     Defendants.
_____/

<u>**MOTION FOR PROTECTIVE ORDER**</u>

     COMES NOW, Theresa LePore, Supervisor of Elections for Palm Beach County, Florida, (hereinafter "LePore") pursuant to Fed. R. Civ.P. 26(c), and files this Motion for Protective Order and states:

     1.    Theresa LePore, Supervisor of Elections, Palm Beach County, Florida, ("LePore") is not a party to this action, but was subpoenaed duces tecum by plaintiffs' counsel for a deposition in this case. (A copy of said subpoena duces tecum is attached hereto as Exhibit A.)

     2.    Upon information and belief, this action is based upon a contract between the plaintiff and the defendant, Sequoia Voting Systems, Inc., for a commission allegedly due the plaintiff following the sale of Sequoia voting machines to LePore's office in 2001.

     3.    The subpoena duces tecum requests LePore to produce for inspection a portion of the unused (blank) punch card ballots from each of the 637 precincts in Palm Beach County for the 1996, 1998, and November 2000 general elections, the March, 2000, presidential primary election and the September 2000 primary election. All unused punch card ballot in the possession of LePore, with the exception of the November, 2000 general election have been destroyed by LePore pursuant to Florida Statute 101.545, entitled "Retention and Destruction of Certain Election Materials", and no longer exist.

4. With reference to the unused punch card ballots from the November 2000 election, said unused ballots are in the custody of LePore and number in the thousands. An example of such ballot is attached hereto as Exhibit B. All unused ballots are identical except for the stamp at the bottom of the ballot which indicates the precinct number.

5. LePore has been enjoined in Palm Beach County Circuit Court Case No. 2005 CA 003343 AD, Rogers v. LePore, et al., "from . . . disposing, discarding, or destroying . . . " the unused ballots which are the subject of this subpoena. (Attached as Exhibit C hereto is said Order.)

6. Counsel for LePore and the plaintiffs have in good faith discussed this subpoena duces tecum and have not been able to resolve this dispute. The plaintiff desires for LePore to produce to plaintiff's counsel five original unused ballots from each of the 637 precincts from the November 2000 election, as well as five originals for defense counsel. LePore objects to such production and requests that this Court enter an order protecting her from such production. The basis for this objection is twofold: (1) The Order referred to above prohibits LePore from complying with the plaintiff's subpoena duces tecum and requests, and (2) LePore does not have the staff available to separate the thousands of unused ballots which are co-mingled in storage, into separate precincts given the fact that the 2004 presidential election is only eleven days away and the task of accommodating early voting in Palm Beach County, mailing out and receiving more than 100,000 absentee ballots and otherwise ensuring that the November 2, 2004, election runs smoothly, has consumed all of her staff's time, energies, and dedication.

7. In an attempt to cooperate with plaintiff's counsel, LePore has allowed plaintiff's counsel an opportunity to inspect the unused ballots in question, and has furnished plaintiff's counsel with an original, unused ballot from five different precincts in

2

Palm Beach County, as well as five originals for defense counsel. These precincts are numbered 047D, 162B, 174A, 0204, and 083A.

8. Additionally, LePore objects to the production as requested until plaintiff's counsel shows the relevancy of these unused ballots to the contractual action which is the subject of the plaintiff's claim.

WHEREFORE, LePore objects to the discovery of the plaintiff as requested and moves this Court for a protective order that said discovery not be had for the reasons stated herein, and order that the representative production which LePore has already provided to plaintiff's counsel is sufficient to satisfy the plaintiff's request until an more compelling justification is shown by the plaintiff.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail to Robert Critton, Jr., 515 N. Flagler Drive, Suite 400, West Palm Beach, FL 33401 and Vanessa Elliott, Esq., 50 Chestnut Ridge Road, Montval, N.J. 07645 on this _____22nd_____ day of October, 2004.

Leon St. John
Assistant County Attorney
Florida Bar No.: 184605
COUNTY ATTORNEY'S OFFICE
301 North Olive Avenue
West Palm Beach, FL 33401
Telephone: (561) 355-6019
Facsimile: (561) 355-4234

NOV. 1. 2004  6:21PM   BEATTIE PADOVANO, LLC                    NO. 6130  P.  6/14

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# COPY

## UNITED STATES DISTRICT COURT

_____Southern_____ DISTRICT OF _____Florida_____

**JOHN KRIZKA**

v.

**SEQUOIA VOTING SYSTEMS, INC. and
SMURFIT PACKAGING CORPORATION**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 03-80874-CIV-HURLEY/LYNCH

TO:   Theresa LePore
      Supervisor of Elections
      240 South Military Trail
      West Palm Beach, FL 33415

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Burman, Critton, Luttier & Coleman, 515 N. Flagler Drive, Suite 400, West Palm Beach, FL 33401 | Thursday, 10:00 a.m. October 21, 2004 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   See Exhibit "A" attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Burman, Critton, Luttier & Coleman, LLC, 515 N. Flagler Drive, Suite 400, W. Palm Beach, FL 33401 | Thursday, 10:00 a.m. October 21, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert D. Critton, Jr., Attorney for Plaintiff | October 8 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert D. Critton, Jr., Burman, Critton, Luttier & Coleman
515 N. Flagler Drive, Suite 400, West Palm Beach, FL 33401, (561) 642-2820

(See Rule 45, Federal Rules of Civil Procedure, Parts c & D on Reverse)

**EXHIBIT
A**

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

SUPERVISOR OF ELECTIONS

**PROOF OF SERVICE**   2004 OCT 12   AM 9: 42

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | PALM BEACH COUNTY, FL |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Krizka v. Sequoia Voting Systems, Inc. et al
Case No. 03-80874-CIV-HURLEY/LYNCH
Page 3 of 3

<u>DUCES TECUM DIRECTED TO THERESA LePORE</u>

<u>TO BRING AND THERE PRODUCE THE FOLLOWING:</u>

1.     One booklet (of 50 unused punch card ballots) for each of 637 in-person precincts and absentee precincts from the November 7, 2000 general election in Palm Beach County.

2.     If a complete booklet is not available for some precincts, one-half of the remaining unused ballots for each of those precincts referenced in number 1 above from the November 7, 2000 general election in Palm Beach County.

3.     Two booklets from the September 5, 2000 primary elections (two each from the Republic, Democratic and non-partisan primaries).

4.     Two booklets from the March 14, 2000 presidential preference primary.

5.     Two booklets from the 1996 and 1998 general elections for which you have unused ballots (or on-half of the remaining unused ballots if no complete booklet remains for those elections).

EXHIBIT NO. "A"



**WRITE IN BALLOT**
**(GENERAL ELECTION ONLY)**
To vote for a person NOT on the ballot,
write in BOTH the title of the office and
the candidate's name on the lines below.

| OFFICE | CANDIDATE NAME |
|--------|----------------|



EXHIBIT

B

○ ← PLACE HOLES → ○
    OVER POSTS

**INSERT CARD**   ▼   **THIS SIDE UP**

## OFFICIAL BALLOT
### GENERAL ELECTION
### PALM BEACH COUNTY, FLORIDA
### NOVEMBER 7, 2000

**AFTER VOTING:**
FOLD HERE AND PLACE IN BALLOT BOX.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

BEVERLY ROGERS, individually
and on behalf of other similarly
situated Florida voters,

        Plaintiffs,

vs.

THERESA LaPORE, Supervisor of Elections
for Palm Beach County, Florida; MIRIAM
OLIPHANT, Supervisor of Elections for
Broward County, Florida; DAVID LEAHY,
Supervisor of Elections for Dade County,
Florida; and JOHN STAFFORD, Supervisor
of Elections for Duval County, Florida,

        Defendants.

CASE NUMBER: CA 003-003343 AD
(Case transferred by court order to
 Division "AB")

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE came before the Court on March 27, 2003, on the "Emergency Motion for

Preliminary Injunction" filed by the plaintiffs, BEVERLY ROGERS, individually and on behalf

of other similarly situated Florida voters (hereinafter "Rogers"). The Court, after carefully

examining and considering all pertinent pleadings, including Rogers' emergency motion and verified

complaint, makes the following findings and legal rulings.

### PRELIMINARY MATTERS

This action concerning the records and materials from the 2000 Presidential election

allegedly in the possession of defendant THERESA LaPORE, Supervisor of Elections for Palm

Beach County, Florida (hereinafter referred to as "LaPore"), was filed in the Fifteenth Judicial

Circuit, in and for Palm Beach County, Florida, on March 27, 2003. Once filed, the Clerk of the

EXHIBIT
C

Rogers v. LaPore, et al.
Case Number: CA 03-003343 AB
Order Partially Granting Motion for Injunctive Relief
Page 2

Circuit Court of the Fifteenth Judicial Circuit randomly assigned the case to Division "AD" (Judge

Timothy McCarthy). The consolidated cases involving the 2000 Presidential Election were

previously assigned to and ruled upon by Division "AB" (Judge Jorge Labarga – the undersigned

judge). Because the consolidated Presidential Election cases have the lower case number, pursuant

to Administrative Order No. 2.009 5/99, Judge McCarthy entered an order on March 27, 2003,

transferring the instant action to Division "AB." A copy of Judge McCarthy's Order is attached

hereto as Exhibit "A."

### LEGAL ANALYSIS AND RULINGS

1) According to Rogers' emergency motion for injunctive relief, she has filed a civil

action to enjoin various state and county officials from destroying records and materials from the

2000 Presidential Election.

2) Based solely upon the allegations in Rogers' verified complaint and emergency

motion for injunctive relief, the Court finds that it has jurisdiction only over defendant **THERESA**

**LaPORE**, Supervisor of Elections for Palm Beach County, Florida ("LaPore") because, as more

fully set forth in ¶ #3 of the verified complaint, LaPore is the only defendant who is a resident of

Palm Beach County. The verified complaint does not contain any grounds relative to the jurisdiction

of this Court over the remaining defendants. Accordingly, the motion is denied as to the remaining

three (3) defendants.

3) In order to obtain a temporary injunction, a party must prove the following: (1) that

it will suffer irreparable harm unless the status quo is maintained; (2) that it has no adequate remedy

at law; (3) that it has a substantial likelihood of success on the merits; and (4) that a temporary

Rogers v. LaPore, et al.
Case Number: CA 03-003343 AB
Order Partially Granting Motion for Injunctive Relief
Page 3

injunction will serve the public interest. *Yachting Promotions, Inc. v. Broward Yachts, Inc.*, 792 So.

2d 660, 663 (Fla. 4th DCA 2001) (*citing Infinity Radio, Inc. v. Whitby*, 780 So. 2d 248, 250 (Fla. 4th

DCA 2001)).

4)   The Court finds, based solely upon the pleadings filed with the Court on March 27,

2003, that the plaintiff has shown an immediate need for injunctive relief. The Court further finds:

   a)   that the plaintiffs will suffer irreparable harm (i.e., the destruction of records
        and materials described in the verified complaint and emergency motion for
        injunctive relief) unless the status quo is maintained;

   b)   that the plaintiffs have no adequate remedy at law;

   c)   that a likelihood of success on the merits of the claims asserted in plaintiff's
        verified complaint, including the count for injunctive relief exists; and

   d)   the entry of the injunction will serve the public interest.

Accordingly, given the aforesaid findings, it is hereby

**ORDERED AND ADJUDGED** as follows:

1)   Until further order of this Court, defendant **THERESA LaPORE** is hereby enjoined

from disposing, discarding or destroying any records and materials from the 2000 Presidential

Election, including but not limited to unused ballots, now in defendant's possession, custody or

control. Rogers' motion is DENIED, however, as to the remaining defendants.

2)   An evidentiary hearing shall be conducted by the Court as to all matters addressed

by this order and the allegations raised by the plaintiffs in their motion and verified complaint. The



Rogers v. LaPore, et al.
Case Number: CA 03-003343 AB
Order Partially Granting Motion for Injunctive Relief
Page 4

parties are ordered to contact the Court's judicial assistant to schedule the evidentiary hearing.[1]

　　　　3)　　Florida Rule of Civil Procedure 1.610(b) provides in pertinent part that "[n]o

temporary injunction shall be entered unless a bond is given by the movant in an amount the court

deems proper, conditioned for the payment of costs and damages sustained by the adverse party if

the adverse party is wrongfully enjoined." A trial court cannot, however, set an injunction bond

without providing both sides with the opportunity to present evidence regarding the appropriate

amount of the bond during an evidentiary hearing. *Offshore Marine Towing, Inc. v. Sea Tow*

*Services International, Inc.*, 778 So. 2d 510, 511 (Fla. 4th DCA 2001); *Flickenger v. R.J. Fitzgerald*

*& Co.*, 732 So. 2d 33, 35 (Fla. 2d DCA 1999). Accordingly, the parties are hereby ordered to

attempt to arrive at an agreement as to the amount of the bond that should be required in this action.

If the parties are unable to agree, the parties shall contact the Court's judicial assistant to schedule

an evidentiary hearing solely on the question of the amount of the bond.

　　　　4)　　The plaintiffs are hereby ordered to serve a copy of this Order on all defendants when

the verified complaint and the instant emergency motion are served. In an abundance of caution, the

plaintiffs shall also forward a copy of this order to the defendants via facsimile upon receiving same

from the court.

　　　　**DONE AND ORDERED** this 27th day of March, 2003, at West Palm Beach, Palm Beach

---

　　　　[1]Since the defendant has been enjoined by this order from destroying any of the documents described in plaintiffs' verified complaint and motion for injunctive relief, an emergency no longer exists and the evidentiary hearing shall be scheduled in due course in accordance with the Court's schedule and procedures.

NOV. 1. 2004  6:24PM    BEATTIE PADOVANO, LLC

Rogers v. LaPore, et al.
Case Number: CA 03-003343 AB
Order Partially Granting Motion for Injunctive Relief
Page 5

County, Florida.

2003 APR 17  A. 11: 42

JORGE LABARGA
Circuit Court Judge

Copies furnished:

Gary Farmer, Jr., Esquire
2665 Executive Park Drive, Suite #3
Weston, Florida 33331

# FAX TRANSMISSION

## *BEATTIE PADOVANO, LLC*

**50 Chestnut Ridge Road**
**P.O. Box 244**
**Montvale, New Jersey 07645-0244**
**(201) 573-1810**
**Fax: (201) 573-9736 or (201) 573-9369**

| | | | |
|---|---|---|---|
| **FROM:** | Vanessa R. Elliott | **DATE:** | November 1, 2004 |
| **SUBJECT:** | Krizka v. Sequoia | **PAGES:** | *14* (including cover) |

### PLEASE DELIVER AS SOON AS POSSIBLE TO:

| RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| Bryan Yarnell, Esq. | | 561-627-5600 | |

If you do not receive all the pages, please call (201) 799-2120.

**COMMENTS:**

**CONFIDENTIALITY NOTE**

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN INFORMATION FROM THE LAW FIRM OF BEATTIE PADOVANO, LLC WHICH IS CONFIDENTIAL AND/OR LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ON THIS TRANSMISSION SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE , COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION ON RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED, AND THAT THE DOCUMENTS SHOULD BE RETURNED TO THIS FIRM IMMEDIATELY. IN THIS REGARD, IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETURN OF THE TRANSMITTED DOCUMENTS TO US AT NO COST TO YOU.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION
Case No. 03-80874-CIV-HURLEY/LYNCH

JOHN KRIZKA,

        Plaintiff,

vs.

SEQUOIA VOTING SYSTEMS, INC. and
SMURFIT PACKAGING CORPORATION

        Defendants.
                                /

## RULE 16.1 JOINT SCHEDULING CONFERENCE REPORT AND PROPOSED JOINT SCHEDULING ORDER

      Plaintiff and Defendants, by and through their respective counsel, submit their Joint Scheduling Report And Proposed Joint Scheduling Order, pursuant to Local Rule 16.1 (S.D. Fla. 2003), as follows:

**Party Conference:** Counsel for the Plaintiff, JOHN KRIZKA, counsel for the Defendant, SEQUOIA VOTING SYSTEMS, INC., and counsel for Defendant, JEFFERSON SMURFIT CORPORATION, which Plaintiff has named in the complaint as SMURFIT PACKAGING CORPORATION, held a telephonic conference on November 19, 2003, for purposes of fulfilling the requirements of Local Rule 16.1 (S.D. Fla. 2003) and Rule 26, Fed.R.Civ.P. (2003).

**Standard Track Assignment:** The parties agree that this is standard track case (3 to 10 days to try) and anticipate that this case will take **4 to 7** days to try.

**A. Detailed Discovery Schedule:**

    1. The parties will make their initial Rule 26(a) disclosures on or before December 5, 2003.

Krizka v. Sequoia, et al.
Case No. 03-80874-CIV-HURLEY/LYNCH
Page 2 of 4

2. The parties plan to serve interrogatories, requests for production, requests for admission and to depose persons with knowledge of relevant facts. The parties agree that all fact discovery must be substantially completed by July 19, 2004.  (Pursuant to Local Rule 16.1 (S.D. Fla. 2003), all discovery in a standard track case shall be completed within 180 to 269 days of the Scheduling Order).

3. The parties agree that expert discovery must be completed by August 16, 2004.

4. Plaintiff (and Counterplaintiff, if any) will serve their initial expert reports on or before June 21, 2004.

5. Defendants (and Counterdefendant, if any) shall serve their expert reports by July 19, 2004.

6. If necessary, the parties will agree to the entry of a mutually acceptable confidentiality order to govern all discovery in this case.

B. **Likelihood of Settlement:**

Presently unknown, however, settlement discussions will be pursued.

C. **Likelihood of Appearance in the Action of Additional Parties:**

At this time, the parties do not anticipate the appearance of additional parties, although a party may be substituted for a current Defendant.

D. **Proposed Limits on the Time:**

The parties propose the following time limits:

1. Motions to join other parties and amend the pleadings shall be filed on or before April 16, 2004.

2. Motions may be filed at any time, but Motions for Summary Judgment must be filed not later than September 30, 2004.

3. All fact discovery is expected to be completed on or before July 19, 2004, and all expert discovery by August 16, 2004.

Krizka v. Sequoia, et al.
Case No. 03-80874-CIV-HURLEY/LYNCH
Page 3 of 4

### E. Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses:

No proposals at this time, although the parties will attempt to simplify the issues as the case progresses.

### F. Necessity or Desirability of Amendments to Pleadings:

Not yet determined as of this time.  Motions for leave to amend will be filed by April 16, 2004.

### G. Possibility of Obtaining Admissions of Fact and Documents Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and Need for Advance Rulings from Court on Admissibility of Evidence:

The parties agree to cooperate regarding the possibility of obtaining admissions of fact.

### H. Suggestions for Avoidance of Unnecessary Proof and Cumulative Evidence

The parties agree to discuss the simplification of claims or defenses as they arise.  The parties agree that, in advance of trial, they will also discuss admitting to facts and to the authentication of documents and to discuss means for avoiding unnecessary proof and cumulative evidence.

### I. Suggestions on Advisability of Referring Matters to Magistrate Judge or Master:

The parties do not agree to referral to a Magistrate Judge for trial.  Discovery motions may be referred to a Magistrate.

### J. Preliminary Estimate of Time Required for Trial:

The parties project 4 to 7 days for trial of this matter.

### K. Requested Date for Conferences Before Trial, Final Pretrial Conference and Trial:

The parties propose dates after November 30, 2004 for the final pre-trial conference and trial.

Krizka v. Sequoia, et al.
Case No. 03-80874-CIV-HURLEY/LYNCH
Page 4 of 4

## L. Other Information That Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference:

No other information at this time.

Dated:  November 3⅟ , 2004.


By:_____
Robert D. Critton, Jr., Esq.
Florida Bar No. 224162
Burman, Critton, Luttier & Coleman
515 N. Flagler Drive, Suite 400
West Palm Beach, FL  33401
(561) 842-2820
Attorneys for Plaintiff JOHN KRIZKA


By_____
Joel V. Lumer, Esq.
Florida Bar No. 193300
Gaebe, Mullen, Antonelli, Esco & DiMatteo
420 South Dixie Highway, Third Floor
Coral Gables, Florida 33146
(305)667-0223
Attorneys For Defendants
        and
Vanessa L. Elliott, Esq.
Beattie Padovano, LLC
50 Chestnut Ridge Road, P. O. Box 244
Montvale, New Jersey 07645-0244
(201)573-1810
Attorneys For Defendants